**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KEVIN S. VARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:08-cv-895-DFH-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

"[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

The inquiry in this case centers on exhaustion.

Petitioner Kevin S. Varner ("Varner") seeks a writ of habeas corpus with respect to the revocation of his parole on October 10, 2007. Varner challenged his parole revocation in state court. On May 22, 2008, Varner filed a notice of appeal from the denial of relief, and on August 5, 2008, filed a case summary and a motion to file a belated brief. This appeal remains pending with the Indiana Court of Appeals. The claims raised in his petition for writ of habeas corpus and in his pending appeal have not been presented to the Indiana Supreme Court.

As alluded to above, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). The only manner in which this purpose can be recognized is to dismiss

Varner's petition in this court and permit him to proceed, if he elects to do so, in the Indiana state courts.

Because Varner is not entitled to the relief he seeks at this time and in this forum, the action is **dismissed.** Varner's request for an evidentiary hearing is also **denied**. The dismissal shall be without prejudice. Judgment consistent with this Entry shall now issue.

So ordered.

_David F. Hamilton_

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   8/28/2008